IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL KNOX d/b/a UNIVERSAL CROWN REAL ESTATE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 09-CV-4672 |
| v. | ) ) | Judge Virginia M. Kendall |
| WASHINGTON MUTUAL BANK, | ) ) | Magistrate Judge Nan R. Nolan |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT AND TO STRIKE THE VERIFIED COMPLAINT'S REFERENCE TO RULE 23**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), Defendant, JPMorgan Chase N.A. ("Chase"), as successor in interest to Washington Mutual Bank ("WAMU"), and by its attorneys, Barnes & Thornburg LLP, moves this Court to dismiss the Verified Complaint of Daniel Knox d/b/a Universal Crown Real Estate, LLC and to strike the Verified Complaint's reference to Rule 23. In support of its Motion, Chase states as follows:

1. Plaintiff has asserted claims against WAMU for violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq.* ("ICFA"). Both of Plaintiff's claims arise out of allegations that WAMU, through one or more of its employees, misappropriated funds from Plaintiff by making unauthorized withdrawals from a corporate bank account Plaintiff maintained with WAMU under the name of his business Universal Crown Real Estate, LLC. Both of Plaintiff's claims should be dismissed as a matter of law.

2. Plaintiff's claim under the EFTA should be dismissed because the EFTA governs *consumer* accounts, not *corporate business* accounts, like the account at issue here. Plaintiff has brought this action on behalf of his company, Universal Crown Real Estate, LLC, and the

account at issue is Universal's corporate account, not a consumer account.

3. In addition, Plaintiff's claim under the ICFA should be dismissed for two separate and independent reasons. First, Plaintiff's ICFA claim is premised on purported violations of the EFTA and the Uniform Commercial Code. These statutes, however, are not among the statutes enumerated in the ICFA and, therefore, violations of these statutes cannot be considered unfair or deceptive practices under the ICFA. Second, even if Plaintiff could legally allege an ICFA claim based on purported violations of the EFTA and the Uniform Commercial Code, the ICFA claim should still be dismissed because it is alleged almost entirely on "information and belief" and is not alleged with the particularity required by Fed. R. Civ. P. 9(b).

4. Chase also requests that this Court strike the single reference to Rule 23 in Plaintiff's Verified Complaint Plaintiff alleges this Court has jurisdiction of this action in part under Fed. R. Civ. P. 23, which governs class actions Plaintiff, however, fails to allege any facts in his Verified Complaint to support any claim that this action is or could be brought under Rule 23 and fails to identify any particular class of similarly situated individuals.

5. Chase incorporates by reference herein the arguments and authorities raised in its Memorandum of Law in Support of this Motion filed concurrently herewith.

WHEREFORE, Defendant, JPMorgan Chase N.A., as successor in interest to Washington Mutual Bank, respectfully requests this Court enter an Order dismissing Plaintiff's Verified Complaint and striking the Verified Complaint's reference to Rule 23 pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), and for such other relief this Court deems fair and just.

Respectfully submitted,

By: /s/ James E. Michel
Brad E. Rago
James E. Michel
Lucille J. Shelby
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606
Phone: (312) 357-1313
Fax: (312) 759-5646

Attorneys for JPMorgan Chase Bank, N.A., as successor in interest to Washington Mutual Bank

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2009, a copy of the foregoing **Defendant's Motion to Dismiss Plaintiff's Verified Complaint and to Strike the Verified Complaint's Reference to Rule 23** was filed electronically. Notice of this filing will be sent to the following attorneys by operation of the Court's electronic filing system, and, to those parties not receiving such notice, by U.S. Mail from One Wacker Drive, Chicago, Illinois. Parties may access this filing through the Court's system.

David E. Neely<br>
David E. Neely & Associates, P.C.<br>
8401 S. Luella<br>
Chicago, IL 60617

/s/ James E. Michel
James E. Michel

CHDS01 560954v1

4